UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 01 CV 11817WGY

| | |
|---|---|
| CHRISTINE STONE, as Administratrix of the Estate of BRETT STONE, and Individually, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| FRONTIER AIRLINES, INC., | ) ) ) |
| Defendant | ) ) ) |

<u>DEFENDANT, FRONTIER AIRLINES, INC.'S, ANSWER AND JURY DEMAND</u>

Defendant, Frontier Airlines, Inc. ("Frontier"), hereby answers each paragraph of

the Complaint, expressly reserving its right to seek relief or to rely upon additional

defenses by appropriate motion or as of right.

INTRODUCTION

Defendant states that no answer is required in response to the Introduction section

of the Complaint because that section fails to comply with the requirements of

Fed.R.Civ.P. 10(b). To the extent that a response is deemed required, the defendant

denies that it ignored information that it received about AEDs or that it chose to dispatch

its aircraft without AEDs knowing that persons like Brett Stone would die. Further

answering, the defendant states that although it had never had a death or even a known

cardiac arrest on any of its flights, it had decided to deploy AEDs and had ordered AEDs

for its aircraft prior to July 27, 2000. It was fully deployed on all its aircraft by the end of

2000. The defendant also denies that many smaller carriers had deployed AEDs on their



aircraft as of July 27, 2001, and it denies that there was a trend within the entire airline industry to carry AEDs onboard aircraft. Further answering, the defendant states that there were very few smaller airlines that had decided to carry AEDs, that Frontier was among the first of those smaller airlines to do so and that even today the vast majority of smaller airlines do not carry AEDs on their aircraft. Further answering, the defendant also states that the United States' federal government did not decide whether to require airlines to have AEDs on board their aircraft until April, 2001, and its decision was that AEDs will not be required until 2004.

As to the remaining statements contained in the Introduction section of the Complaint, the defendant is without knowledge or information sufficient to form a belief as to the truth of those statements and therefore denies those statements.

PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.     Admitted, except that defendant denies that it is a Delaware corporation.

JURISDICTION

3.     In that the first sentence of paragraph 3 states a conclusion of law, no response by defendant is required. To the extent a response is deemed to be required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining portion of paragraph 3.

## FACTS

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.    Defendant admits that on July 27, 2000, the plaintiff and Brett Stone were flying from Boston on Frontier Flight 419.  The defendant denies that the destination of Flight 419 was San Francisco.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.    Defendant admits that Flight 419 originated in Boston.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except that it denies the flight was over the western United States when Mr. Stone became ill.

10.    Defendant admits that the plaintiff was seated beside Mr. Stone on Flight 419.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.    Defendant admits that within minutes Frontier flight personnel went on the plane's public address system to request the assistance of qualified medical

personnel who might be aboard. The remaining allegations of paragraph 11 are denied to the extent they are inconsistent with this admission.

12.    Defendant admits that within minutes after being called a physician and an emergency medical technician who were passengers attempted to diagnose and provide assistance to Mr. Stone. Defendant also admits that after spending some period of time attempting to diagnose Mr. Stone's problem a physician eventually inquired as to whether Frontier had an AED onboard. The remaining allegations of paragraph 12 are denied to the extent they are inconsistent with this admission.

13.    Defendant admits that within minutes after heath care providers began providing assistance to Mr. Stone, a flight attendant obtained an emergency medical kit from the cockpit and presented it to the health care providers who were assisting Mr. Stone. The remaining allegations of paragraph 12 are denied to the extent they are inconsistent with this admission.

14.    Defendant admits that the emergency medical kit on board Flight 419 complied with requirements established by the Federal Aviation Administration and that it did not contain an AED. Further answering, the defendant states that AEDs are completely separate devices which are self-contained and which are not part of any emergency medical kit on any airline. The defendant denies the remaining allegations of paragraph 14. Additionally, to the extent that the plaintiff alleges that Frontier was negligent for not including an AED or other items in its emergency medical kit, Frontier denies the same.

15.    Defendant admits that the health care providers and flight attendants were unable to resuscitate Mr. Stone.

16.     Denied.

17.     In that the paragraph 17 states a conclusion of law, no response by defendant is
        required.  To the extent a response is deemed to be required, defendant admits that
        it was required to provide basic first aid to passengers who became ill on its
        flights and it exceeded that requirement.

18.     Denied, although further answering defendant states that it provided basic first aid
        and CPR to its passengers when necessary on its flights.

19.     In that the paragraph 19 states a conclusion of law, no response by defendant is
        required.  To the extent a response is deemed to be required, defendant denies the
        allegation as stated, but admits that it had a duty to provide basic first aid to
        passengers and that it provided assistance to Mr. Stone appropriately under the
        circumstances.

20.     Defendant admits that the emergency medical kit on board Flight 419 complied
        with requirements established by the Federal Aviation Administration and that it
        was adequate for treating cardiac arrests to the extent that it is intended to be used
        for cardiac arrests.  Defendant is without knowledge or information sufficient to
        form a belief as to the truth of the remaining allegations contained in paragraph 10
        and to the extent they are inconsistent with what has been admitted they are
        denied.

21-54.  Defendant denies that "well before July 27, 2000, Frontier was aware" of the
        events that the plaintiff alleges to have occurred or the other matters alleged in
        paragraphs 21 through 54.  Further answering, in 1999, as part of its research
        which led to its decision to deploy AEDs, the defendant heard some of the

information alleged in these paragraphs of the Complaint, although it was without knowledge or information sufficient to form a belief as to the truth of those allegations.

55.     Denied.

56-58. Denied as stated.

59.     Denied as stated, although the defendant admits that it did not have an AED aboard the aircraft on which Mr. Stone was a passenger on July 27, 2000.

60-62. Denied.

63.     Defendant admits that AEDs were deployed on all of its aircraft by the end of 2000.  The remaining allegations of paragraph 63 are denied as stated.

64.     Denied.

## COUNT I

### (Wrongful Death – M.G.L. c.229,§ 2)

65.     Defendant restates and reincorporates herein by reference its answers to paragraphs 1 through 64 as if expressly rewritten and set forth herein.

66.     Denied.

## COUNT II

### (Gross Negligence Resulting In Wrongful Death – M.G.L. c. 229, § 2)

67.     Defendant restates and reincorporates herein by reference its answers to paragraphs 1 through 66 as if expressly rewritten and set forth herein.

68.     Denied as stated.  Further answering, the defendant learned about the potential benefits of AEDs as part of its research which led to its decision to deploy AEDs on its aircraft.

69-70.  Denied.

## COUNT III

### (Wrongful Death – Reckless Conduct in Violation of M.G.L. c. 229, § 2)

71.     Defendant restates and reincorporates herein by reference its answers to

        paragraphs 1 through 72 (sic) as if expressly rewritten and set forth herein.

72.     Denied.

## COUNT IV

### (M.G.L. c. 93A)

73.     Defendant restates and reincorporates herein by reference its answers to

        paragraphs 1 through 72 as if expressly rewritten and set forth herein.

74.     Defendant admits that it engages in trade or commerce, but denies that it is

        engaged in trade or commerce with respect to the provision of first aid or other

        medical assistance on its flights.

75-76.  Denied.

77.     Defendant is without knowledge or information sufficient to form a belief as to

        the truth of the allegations contained in paragraph 77, although, further answering,

        it admits that it received a demand letter to which it made reasonable, good faith

        responses, which included agreeing to and actually participating in mediation.

78.     Denied.

## COUNT V

### (Negligent Infliction of Emotional Distress – Individual Claim of Christine Stone)

79.     Defendant restates and reincorporates herein by reference its answers to

        paragraphs 1 through 64 as if expressly rewritten and set forth herein.

80.     Denied.

81.    The Defendant denies each and every allegation which is not specifically admitted herein.

SEPARATE DEFENSES

Defendant asserts the following Separate Defenses, expressly reserving its right to amend its Answer to assert additional Separate Defenses as of right or by motion.

FIRST SEPARATE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

SECOND SEPARATE DEFENSE

The death of Brett Stone was caused by a preexisting medical condition for which Frontier was not responsible, and any alleged act or failure to act on its part was not the cause of his death.

THIRD SEPARATE DEFENSE

The plaintiff's claim under G.L.c. 93A should be dismissed because the complained of conduct was not unethical, unscrupulous, unfair or deceptive and G.L.c. 93A is inapplicable.

FOURTH SEPARATE DEFENSE

The plaintiff's claim under G.L.c. 93A should be dismissed because the complained of conduct was permitted under the laws as administered by a regulatory board acting under statutory authority of the United States.  Because Federal Aviation Administration Regulation 14 CFR 121.803(c)(4) specifically allows airlines until 2004 to install AED's on their aircraft, Frontier's conduct was exempt under G.L. c. 93A, § 3.

FIFTH SEPARATE DEFENSE

The plaintiff's claim under G.L.c. 93A should be dismissed because Frontier was not engaged in trade or commerce with respect to the provision of first aid and other

medical services on its aircraft.  Such services are incidental or ancillary to its primary function, and thus, fall outside coverage of the statute.

### SIXTH SEPARATE DEFENSE

The G.L.c. 93A claim should be dismissed to the extent that Massachusetts law does not control the case.

### SEVENTH SEPARATE DEFENSE

The plaintiff's claim should be dismissed because Frontier complied with its obligations to provide basic first aid to Mr. Stone and there is no legal obligation to provide advanced medical services.

### EIGHTH SEPARATE DEFENSE

The plaintiff's claims are preempted by federal law because they directly conflict with federal law and a comprehensive federal regulatory scheme and they stand as an obstacle to federal objectives.  Federal regulation specifically allows air carriers to operate without AED's on board until 2004.

### NINTH SEPARATE DEFENSE

The plaintiff's claims are barred by operation of the Commerce Clause of the United States Constitution.

### TENTH SEPARATE DEFENSE

The plaintiff's complaint should be dismissed or the action transferred on the grounds of forum non-conveniens.

### ELEVENTH SEPARATE DEFENSE

The plaintiff's claim for negligent infliction of emotional distress should be dismissed because the alleged negligence did not occur on the aircraft and because the alleged negligence did not cause the emotional distress.

WHEREFORE, defendant, Frontier, demands that the Complaint be dismissed and that judgment enter in its favor, together with its costs of defending this action plus such other relief as the Court deems just and proper.

## JURY CLAIM

Defendant, Frontier, hereby claims a trial by jury as to all issues in this action which are triable to a jury.

FRONTIER AIRLINES, INC.

By its attorneys,

Kurt B. Gerstner (BBO #190130)
Mary McGoldrick (BBO #550557)
Campbell Campbell Edwards & Conroy,
Professional Corporation
One Constitution Plaza
Boston, MA 02109
(617) 241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by mail on November 14, 2001.

Kurt B. Gerstner