Cause No. 01-CV11817WGY

| | |
|---|---|
| CHRISTINE STONE, AS ADMINISTRATRIX OF THE ESTATE OF BRETT STONE, AND INDIVIDUALLY,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS |

## AGREED PROTECTIVE ORDER
## REGARDING NON-PARTY WITNESS' PROPRIETARY DOCUMENTS

The parties having stipulated to a Protective Order in the present form, and good cause appearing therefore, IT IS ORDERED by the Court as follows:

1. A subpoena has been issued for documents from MedAire, Inc. (hereinafter "MedAire"), which requests production of documents, including proprietary business information and other confidential materials, which documents deserve protection from public disclosure.

2. The term "Confidential" means any document produced by MedAire which MedAire considers to be Confidential and which MedAire wishes to be subject to the terms of this Confidentiality Agreement. Such documents will be stamped "Confidential" by MedAire and shall be subject to the terms of this Agreement. For the purpose of this agreed Protective Order, the designation of "confidential" material shall be made following a good faith determination that the material contains proprietary business, trade secret, and/or financial information, and/or any other confidential research, development, and other confidential corporation information relating to recipients of medical treatment or monitoring, with which MedAire has been involved.

DOCKETED

28

3. The term "Qualified Person" means: (i) all counsel of record and their employees and retained experts working under the supervision of the counsel of record; (ii) all parties; and (iii) any other person who is designated as a Qualified Person by order of this Court, after notice to all of the parties.

4. The following procedures shall govern all "Confidential" documents.

   a. Any Confidential documents may be reviewed by and disclosed only to Qualified Persons. Every Qualified Person who receives any Confidential document (the "Receiving Party") shall use it solely to assist the prosecution or defense of this lawsuit, and shall not disclose it to any non-Qualified Persons.

   b. Access to Confidential documents shall be permitted only to Qualified Persons. Copies, summaries or abstracts of Confidential documents may be shown only to Qualified Persons.

   c. Within thirty (30) days of the end of this case and final exhaustion of appeals, all Confidential documents shall be returned to MedAire. Any copies of Confidential documents containing attorney notes or work product shall be destroyed by the Receiving Party or by its counsel.

   d. If a party wishes to introduce any Confidential document as an Exhibit or discuss a Confidential document in a public hearing, a deposition, trial, or post trial proceeding, such party shall give MedAire reasonable advanced written notice of such intention, such notice to specify clearly the Confidential document to be disclosed so as to allow MedAire the opportunity to apply to the Court for an Order of Non-Disclosure or for added protection.

e. If any party to the litigation wishes to include any confidential documents or information contained therein, in any pleading, motion or other paper filed with the Court, such parties shall submit such confidential information under seal and/or otherwise take appropriate steps to protect the confidentiality of such information.

5. Should any party in the litigation seek to establish that certain information (or categories of information) designated as confidential, previously or in the future, are not entitled to such status and protection, they shall inform counsel for MedAire, by writing a letter to counsel for MedAire, William L. Maynard, Esq., at Beirne, Maynard & Parsons, L.L.P., 1300 Post Oak Boulevard, 25th Floor, Houston, Texas 77056, identifying, by Bates number or otherwise, the documents, objected to on grounds that it is not properly designated as confidential. MedAire shall have 30 days from the date of the posting of the letter objecting to the designation of a document as confidential in which to respond in writing with a statement of reasons justifying the designation. If the response is not made with the 30-day period, the documents or documents in question will be deemed non-confidential. If a response is made, the confidential status of the documents will remain intact, except insofar as the party contesting the designation may attempt to obtain appropriate relief from the court, with notice to MedAire's counsel.

SIGNED THIS  6TH  DAY OF  August , 2002

*William G. Young*
WILLIAM G YOUNG, CHIEF JUDGE
PRESIDING

AGREED AND APPROVED:

_____
Paul S. Weinberg, Esquire
Counsel for Plaintiffs

Dated: July 31, 2002

_____
Counsel for Frontier Airlines, Inc.

Dated: 8/5/02